COMMONWEALTH of Pennsylvania,
Appellee

v.

Joseph Patrick THIRY, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 27, 2006.
Filed Feb. 20, 2007.
Reargument Denied April 24, 2007.

Jeffrey M. Murray, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney and Timothy J. Lyon, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: STEVENS, TODD, and PANELLA, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Com-

mon Pleas of Allegheny County following Appellant's conviction on the charges of indecent exposure and disorderly conduct.[1] Appellant contends (1) the evidence was insufficient to establish Appellant had the requisite *mens rea* for indecent exposure and (2) the trial court abused its discretion in failing to hold a hearing regarding Appellant's allegation that trial counsel was ineffective. We affirm.

¶ 2 Appellant's first contention is that the evidence was insufficient to sustain his conviction for indecent exposure.

¶ 3 "The law is settled in this Commonwealth that in reviewing the sufficiency of the evidence, the appellate court is required to review all the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, ... [as the verdict winner]." *Commonwealth v. Earnest,* 386 Pa.Super. 461, 563 A.2d 158, 159 (1989) (citation omitted). The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt. *Id.* "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Swerdlow,* 431 Pa.Super. 453, 636 A.2d 1173, 1176 (1994) (quotation and quotation marks omitted).

¶ 4 Using the aforementioned standard, the evidence adduced at trial, together with all reasonable inferences in favor of the Commonwealth, reveals the following: Appellant was arrested and charged with, *inter alia,* indecent exposure and disorderly conduct, and on March 28, 2006, represented by Stephen Taylor, Esquire of the Public Defender's Office, Appellant proceeded to a bench trial, where Charles Flewellen and Police Officer Christopher Mordaunt testified. Specifically, Mr. Flewellen testified that he works at a McDonald's restaurant in Homestead, and on September 25, 2005, at approximately 2:58 a.m., he noticed the drive-thru traffic was not moving. N.T. 3/28/06 at 9. Mr. Flewellen looked outside and observed that a light blue car was sitting, but not moving, in the drive-thru lane just before the first window. N.T. 3/28/06 at 10. Mr. Flewellen approached the car and looked inside, where he found Appellant unconscious with his pants unbuttoned, his penis exposed, and a bottle of lotion sitting nearby. N.T. 3/28/06 at 10. Mr. Flewellen and a customer yelled at Appellant and shook his car in an effort to arouse him. N.T. 3/28/06 at 11–12. Appellant gained consciousness for approximately twenty seconds but was uncooperative. N.T. 3/28/06 at 12. Mr. Flewellen then telephoned the police. N.T. 3/28/06 at 12.

¶ 5 On cross-examination, Mr. Flewellen testified that he recognized Appellant and his light blue car because, during the previous evening at approximately 3:00 a.m., Appellant attempted to place an order at the drive-thru. N.T. 3/28/06 at 21–23. Although that particular McDonald's restaurant is supposed to be open 24 hours a day, Mr. Flewellen had closed it for a period of time because business was slow, and consequently, he would not take Appellant's order. N.T. 3/28/06 at 22. Appellant yelled at him. N.T. 3/28/06 at 22–23.

¶ 6 Police Officer Christopher Mordaunt testified that he was on patrol at the time in question and responded to the subject McDonald's restaurant. N.T. 3/28/06 at 24. Officer Mordaunt testified he arrived at the scene within one or two minutes of Mr. Flewellen's call, and he observed a

1. 18 Pa.C.S.A. § 3127 and 18 Pa.C.S.A. § 5503(a)(4), respectively. Appellant was ac-
quitted of public drunkenness, 18 Pa.C.S.A. § 5505.

light blue vehicle parked in the drive-thru lane. N.T. 3/28/06 at 25. Officer Mordaunt indicated that Appellant's pants were unzipped. N.T. 3/28/06 at 25. However, Officer Mordaunt was unable to observe Appellant's penis since he had a bottle of hand lotion and his hands sitting on his lap. N.T. 3/28/06 at 25. Officer Mordaunt verified that Mr. Flewellen told the officer that he had seen Appellant's penis. N.T. 3/28/06 at 27. Emergency personnel then arrived and took control of the scene. N.T. 3/28/06 at 26–27.

■ ¶ 7 At the conclusion of testimony, the trial court convicted Appellant of indecent exposure and disorderly conduct. Appellant waived his pre-sentence report, and the trial court directed Appellant to pay a fine of $300.00, plus costs, and ordered him to stay away from the subject McDonald's for his indecent exposure conviction. No further penalty was imposed for disorderly conduct. Appellant did not file post-sentence motions; however, still represented by the Public Defender's Office, he filed a timely notice of appeal. The trial court ordered Appellant to file a 1925(b) statement, Appellant filed the required statement, and the trial court filed a responsive opinion.[2]

¶ 8 18 Pa.C.S.A. § 3127 provides, in relevant part, the following:

**(a) Offense defined.** A person commits indecent exposure if that person exposes his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm.

18 Pa.C.S.A. § 3127(a) (emphasis in original).

■ ¶ 9 Appellant contends the evidence insufficiently establishes he acted with the *mens rea* necessary for indecent exposure. Appellant specifically contends the evidence reveals that he was unconscious when his penis was exposed, and, therefore, he could not have known/should have known that his penis was exposed or that his conduct was likely to offend, affront or alarm anyone.[3]

¶ 10 In analyzing this claim, the trial court stated the following in its Pa.R.A.P. 1925(b) opinion:

While the Defendant, who was passed out, may not have knowingly exposed his penis at the precise time that Mr. Flewellen saw it, he knowingly exposed his penis while operating his vehicle in the drive-thru lane of a McDonald's restaurant (i.e., a public place) prior to passing out. Moreover, it is reasonable to assume that the Defendant would know that exposing his penis in the drive-thru

---

**2.** The trial court filed its Pa.R.A.P.1925(b) order on May 1, 2006, indicating that Appellant's Pa.R.A.P.1925(b) statement was due on or before May 30, 2006. Appellant subsequently filed his Pa.R.A.P.1925(b) statement on May 30, 2006, and the trial court filed its Pa.R.A.P.1925(a) opinion on June 28, 2006. Pa.R.A.P.1925(b) provides that an appellant has fourteen days in which to file his concise statement; however, in this case, the trial court expressly enlarged the time period in which Appellant had to file his Pa.R.A.P. 1925(b) statement. Under such circumstances, we will not deem Appellant's statement to be untimely, and we will not find

waiver on this basis. *See Commonwealth v. Leverette*, 911 A.2d 998 (Pa.Super.2006) (where the trial court filed an order on January 9, 2006 directing the appellant to file a Pa.R.A.P.1925(b) statement within thirty days of the order, the appellant's February 3, 2006 concise statement was deemed to be timely).

**3.** Appellant does not dispute that the evidence was sufficient to establish the remaining elements necessary for his indecent exposure conviction, and he does not allege the evidence was insufficient to establish disorderly conduct.

lane of a fast food restaurant would "offend, affront, or alarm" the cashier that would eventually take his money and give him his food.

Trial Court Opinion filed 6/28/06 at 2.

¶ 11 We agree with the trial court that the evidence supports the conclusion that Appellant knowingly exposed his penis as he was waiting in the drive-thru lane of the McDonald's restaurant and then lost consciousness prior to the cashier taking his money. These circumstances are sufficient to establish that Appellant knowingly exposed his penis in a public place where others were present and that he knew/should have known that such was likely to offend, affront or alarm. Therefore, we find no merit to his first contention.

¶ 12 Appellant's second contention is that the trial court abused its discretion in failing to schedule a hearing to address Appellant's claim that trial counsel was ineffective. Specifically, Appellant contends a hearing should have been held so that he could prove trial counsel was ineffective in failing to file a post-sentence motion challenging the weight of the evidence supporting Appellant's convictions.

¶ 13 Appellant raised his ineffectiveness issue, and requested a hearing on the matter, for the first time in his court-ordered Pa.R.A.P.1925(b) statement, which was filed approximately sixty days after his judgment of sentence was entered. Prior to filing his Pa.R.A.P.1925(b) statement, Appellant never alleged counsel was ineffective nor sought any type of post-sentence hearing. Simply put, at the time Appellant requested a hearing, the trial court did not have the jurisdiction to schedule one, and therefore, the trial court did not abuse its discretion in this regard. *See* Pa.R.A.P. 1701; 42 Pa.C.S.A. § 5505; *Commonwealth v. Young*, 895 A.2d 40 (Pa.Super.2006) (holding that once the thirty-day period for taking an appeal expires, or an appeal is taken, the trial court generally loses the power to alter its orders); *Commonwealth v. Johnson*, 860 A.2d 146 (Pa.Super.2004) (same); *Commonwealth v. Clinton*, 453 Pa.Super. 385, 683 A.2d 1236 (1996) (when the trial court prepares a 1925(a) opinion, it no longer has jurisdiction to grant a new trial).

¶ 14 Affirmed.

¶ 15 TODD, J., CONCURS IN RESULT.