COMMONWEALTH of Pennsylvania,
Appellee

v.

Keith TIFFANY, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Keith Tiffany, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 11, 2006.

Filed June 5, 2007.

Kenneth B. Hone, Doylestown, for appellant.

Karen A. Diaz, Asst. Dist. Atty., Doylestown, for Com., appellee.

BEFORE: JOYCE, STEVENS, and POPOVICH, JJ.

OPINION BY STEVENS, J.:

¶ 1 Appellant, Keith Tiffany, appeals a judgment of sentence entered in the Court of Common Pleas of Bucks County. We affirm.

¶ 2 On May 18, 2004, police found Appellant, who was 44 years old at the time, swimming naked in a quarry with three males, ages 19, 15 and 13. Appellant admitted that he had been taking nude photographs of the group, and police seized the camera. Following Appellant's arrest, three search warrants were issued to permit the seizure and forensic analysis of a laptop computer and disks from Appellant's truck, the forensic analysis of the camera seized at the scene, and the search of Appellant's house.[1]

¶ 3 Appellant was subsequently charged with sexual abuse of children,[2] possession of instruments of crime,[3] indecent exposure,[4] corruption of minors,[5] defiant trespass,[6] unlawful contact with minors,[7] and open lewdness[8]. Prior to trial, Appellant filed an omnibus pre-trial motion, including a motion to suppress, alleging lack of probable cause to support the search warrants. Following a suppression hearing, the motion was denied, and a two-day bench trial followed.

¶ 4 On June 1, 2005, Appellant was convicted of 228 counts of sexual abuse of children, one count of possessing instruments of crime, one count of open lewdness, two counts of corruption of minors, one count of defiant trespass, and two counts of unlawful contact with minors. He was subsequently sentenced on October 7, 2005, and filed this timely appeal on November 3, 2005.[9] Appellant has complied with a court order to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal.

¶ 5 Appellant raises five allegations of error on appeal. He first asserts that the trial court should have granted his suppression motion on the grounds that the affidavit of probable cause supporting the search warrants in question lacked sufficient facts and circumstances within the four corners of the application. Appellant's brief at 11. We review this claim under the following principles.

It is well settled that the admissibility of evidence is solely within the discretion of

---

1. A detailed description of the events leading to Appellant's arrest and the results of the ensuing investigation is contained in the trial court's thorough 25 page Pa.R.A.P. 1925(a) Opinion, and need not be restated here. Opinion filed 12/21/05 at 3–9.

2. 18 Pa.C.S. § 6312(b), (c), (d).

3. 18 Pa.C.S. § 907(a).

4. 18 Pa.C.S. § 3127(a).

5. 18 Pa.C.S. § 6301.

6. 18 Pa.C.S. § 3503(b)(1)(ii).

7. 18 Pa.C.S. § 6318(a)(2).

8. 18 Pa.C.S. § 5901.

9. Appellant was sentenced to 1½ to 5 years' imprisonment for his conviction for sexual abuse of children. Opinion filed 12/21/05 at 1. He was sentenced to a concurrent 3 to 23 months' imprisonment on the possession of an instrument of crime conviction, a concurrent 3 to 6 months' imprisonment on the open lewdness conviction, and a concurrent 3 to 12 months' imprisonment on the corruption of minors conviction. *Id.*

the trial court and will be reversed only if the trial court has abused its discretion. This Court has explained:

> Our standard of review when addressing a challenge to a trial court's denial of suppression is whether the factual findings are supported by the record and whether the legal conclusions drawn from these facts are correct. When reviewing the rulings of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Messersmith,* 860 A.2d 1078, 1094 (Pa.Super.2004) (citations omitted).

> When reviewing whether a search warrant was sufficiently supported by probable cause, we employ the "totality of the circumstances" analysis of *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985) (adopting the "totality of circumstances" test in Pennsylvania). The "totality of the circumstances" test has been summarized as follows:
>
>> The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, that there is a fair probability that contraband or evidence of a crime will be found in a particular place.
>
> *Gray,* 503 A.2d at 925, quoting *Gates,* 462 U.S. at 238–239, 103 S.Ct. at 2332.

*Commonwealth v. Ceriani,* 411 Pa.Super. 96, 600 A.2d 1282, 1283–1284 (1991). *See also* Pa.R.Crim.P. 203(B).[10]

¶ 6 At the time the "Applications for Search Warrant and Authorization" in question here were completed, Pennsylvania Rule of Criminal Procedure 206 required that:

> Each application for a search warrant shall be supported by written affidavit(s) signed and sworn to or affirmed before an issuing authority, which affidavit(s) shall:
>
> (1) state the name and department, agency, or address of the affiant;
>
> (2) identify specifically the items or property to be searched for and seized;
>
> (3) name or describe with particularity the person or place to be searched;
>
> (4) identify the owner, occupant, or possessor of the place to be searched;
>
> (5) specify or describe the crime which has been or is being committed;
>
> (6) set forth specifically the facts and circumstances which form the basis for the affiant's conclusion that there is probable cause to believe that the items or property identified are evidence or the fruit of a crime, or are contraband, or are or otherwise unlawfully possessed or subject to seizure, and that these items or property are located on the

---

**10.** Pennsylvania Rule of Criminal Procedure 203, pertaining to the requirements for the issuance of a search warrant, provides in pertinent part as follows:

> (B) No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority in person or using advanced communication technology. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.

Pa.R.Crim.P. 203(B).

particular person or at the particular place described.

Pa.R.Crim.P. 206, amended March 1, 2000, effective April 1, 2001.[11]

■ ¶ 7 Here, the Applications for Search Warrants pertaining to Appellant's

11. Rule 206 has since been amended to recognize anticipatory search warrants. Pa. R.Crim.P. 206, amended October 19, 2005, effective February 1, 2006.

12. Section 6312, pertaining to sexual abuse of children, states in pertinent part as follows:

(a) DEFINITION.—As used in this section, "prohibited sexual act" means sexual intercourse as defined in section 3101 (relating to definitions), masturbation, sadism, masochism, bestiality, fellatio, cunnilingus, lewd exhibition of the genitals or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction.

(b) PHOTOGRAPHING, VIDEOTAPING, DEPICTING ON COMPUTER OR FILMING SEXUAL ACTS.—Any person who causes or knowingly permits a child under the age of 18 years to engage in a prohibited sexual act or in the simulation of such act is guilty of a felony of the second degree if such person knows, has reason to know or intends that such act may be photographed, videotaped, depicted on computer or filmed. Any person who knowingly photographs, videotapes, depicts on computer or films a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such an act is guilty of a felony of the second degree.

(c) DISSEMINATION OF PHOTOGRAPHS, VIDEOTAPES, COMPUTER DEPICTIONS AND FILMS.—

(1) Any person who knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others, or who possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

. . .

home and vehicle stated the name and agency of the affiant; specifically identified the places to be searched, and the owner of those areas; and the crimes alleged (18 Pa.C.S. § 6312 [12] with regard to Appellant's home, and 18 Pa.C.S. §§ 3127,[13] 6318,[14] 6301,[15] 5901 [16] and 3503 [17]

(d) POSSESSION OF CHILD PORNOGRAPHY.—

(1) Any person who knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S § 6312.

13. Pursuant to Section 3127(a) "A person commits indecent exposure if that person exposes his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm." 18 Pa. C.S.A. § 3127(a).

14. Section 6318, pertaining to unlawful contact with minors, defines the offense in pertinent part as follows:

A person commits an offense if he is intentionally in contact with a minor for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

(2) Open lewdness as defined in section 5901 (relating to open lewdness).

. . .

(5) Sexual abuse of children as defined in section 6312 (relating to sexual abuse of children).

. . .

18 Pa.C.S. § 6318(a)(1)-(6).

15. Section 6301(a), pertaining to the corruption of minors, states that:

Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the com-

with regard to Appellant's vehicle). The accompanying affidavits of probable cause specified the items to be searched for and seized,[18] and specifically set forth the facts and circumstances which formed the basis of the affiant's conclusion that probable cause existed to seize the items. Similarly, the Application for Search Warrant pertaining to Appellant' camera stated the name and agency of the affiant; specified the items to be searched for and seized (in this case, data); specifically identified that the camera and 3 compact discs would be the locations searched; identified Appellant as the owner of camera and disks; specified the crimes alleged (18 Pa.C.S.A. §§ 3127, 6318, 6301, 5901 and 3503); and specifically set forth the facts and circumstances which formed the basis of the affiant's conclusion that probable cause existed to seize the items.[19]

¶ 8 Appellant does not specifically assert how the above requirements have not been met. Instead, he claims that:

> The deficiencies in the four corners of each search warrant affidavit is [sic] highlighted by the testimony of affiant Martin McDonough,[20] who testified as follows:

> mission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree. 18 Pa.C.S. § 6301(a).

**16.** Section 5901, pertaining to open lewdness, directs that "[a] person commits a misdemeanor of the third degree if he does any lewd act which he knows is likely to be observed by others who would be affronted or alarmed." 18 Pa.C.S. § 5901.

**17.** Section 3503, states in pertinent part that a person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given. 18 Pa.C.S § 3503(b).

1. There was no definition of what constitutes child pornography,

2. Detective mistakenly believed that the mere existence of a nude picture constituted child pornography under the Criminal Code,

3. There was no description of any of the photographs aside from saying that they were nude or naked pictures of people who could be under the age of 18,

4. There is no reference in the affidavit of probable cause to any photographs containing minors engaging in sexual acts or simulated sexual acts,

5. At the time any of the search warrants had been prepared, no one had viewed any alleged photographs.

6. The interviews contained in the affidavit, or admitted from the affidavit, revealed that there was no sexual activity that had occurred,

7. Keith Tiffany, the Appellant, is a missionary.

Appellant's brief at 14. Appellant then asserts that "the foregoing establishes that the limited facts presented in the search warrant, as well as the omissions from the search warrant, clearly show a lack of probable cause that any specific crime may have occurred." Id.[21] Appellant provides

**18.** The nine page affidavit pertaining to Appellant's home was accompanied by a two page attachment, as was the eight page affidavit pertaining to his vehicle.

**19.** It is permissible that some of the required information was contained in the Applications for Search Warrants and Authorizations, and in the attachments to the affidavits of probable cause. *Commonwealth v. Ruey*, 586 Pa. 230, 244, 892 A.2d 802, 810 (2006)

**20.** Martin McDonough was the affiant associated with the Applications For Search Warrant and Authorization regarding Appellant's vehicle and camera.

**21.** Appellant brief also contains an allegation of staleness, but this claim was not raised as

case citation for various legal principles underlying the search warrant process, but cites to no cases specifically supporting his claim that the process was not followed here. Indeed, his argument seems to challenge the sufficiency of the evidence to support his convictions, not the existence of the required probable cause for issuing the warrants in question.

¶ 9 Following our review of the record, and the thorough explanation provided in the trial court's Rule 1925(a) Opinion, we find that Appellant has failed to meet his burden of proving that his suppression motion was erroneously denied. *See* Pa. R.A.P. 1925(a) Opinion filed 12/21/05 at 10–12.[22]

part of his original suppression motion and is therefore waived. *Commonwealth v. Parker*, 847 A.2d 745, 748 n. 7 (Pa.Super.2004) (*citing Commonwealth v. Ellis*, 541 Pa. 285, 293 n. 2, 662 A.2d 1043, 1047 n. 2 (1995) (failure to raise issues in a suppression motion constitutes a waiver on appeal); *Commonwealth v. Smith*, 524 Pa. 72, 84, 569 A.2d 337, 343 (1990)).

**22.** Therein, the court indicated as follows:

DETECTIVE MARTIN MCDONOUGH OF THE BUCKS COUNTY DISTRICT ATTORNEY'S OFFICE, DETECTIVE DIVISION, HAD EXTENSIVE PROFESSIONAL EXPERIENCE IN INVESTIGATING ... INCIDENTS OF CHILD PORNOGRAPHY AND SEXUAL ABUSE OF CHILDREN.

IN OR ABOUT MAY 18, 2004, DETECTIVE MCDONOUGH WAS REQUESTED TO ASSIST THE PENNRIDGE REGIONAL POLICE DEPARTMENT IN AN INVESTIGATION REGARDING ONE OR MORE OF THOSE OFFENSES ...

AS A RESULT OF THIS ASSISTANCE, THREE SEARCH WARRANTS WERE OBTAINED: CS–1, SEARCH WARRANT, MAY 20, 2004, FOR THE DEFENDANT'S VEHICLE, A 1992 GMC SUBURBAN; CS–2, SEARCH WARRANT AND AFFIDAVIT OF MAY 20, 2004, FOR A DIGITAL CAMERA, ALLEGEDLY POSSESSED AND BELONGING TO AND OWNED BY THE DEFENDANT; AND CS–3, OF THE SAME DATE, SEARCH WARRANT AND AFFIDAVIT FOR THE DEFENDANT'S RESIDENCE.

PRIOR TO OBTAINING THE SEARCH WARRANT, INFORMATION WAS OBTAINED BY THE AFFIANT THAT A POLICE OFFICER INVESTIGATING AN AREA WITHIN HIS JURISDICTION CAME TO A QUARRY WHICH HAD BEEN MARKED AS 'NO TRESPASS'. WHILE THERE, HE OBSERVED A PERSON HE DESCRIBES AS THIS DEFENDANT SWIMMING WITH CHILDREN WHO WERE DESCRIBED AS NUDE OR NAKED, DEFENDANT BEING A PERSON OVER THE AGE OF 18, AND ACCORDING TO THE AFFIDAVIT, 44 YEARS OF AGE, IN THE COMPANY OF ANOTHER MALE, AGE 19 YEARS OF AGE, ALSO AN ADULT, AND TWO CHILDREN DESCRIBED IN THE AFFIDAVIT AS AGE 13 YEARS AND AGE 15 YEARS.

THE OFFICER NOTED THE EXISTENCE OF A DIGITAL CAMERA AND A TRIPOD. WITH REGARD TO THE CAMERA, THE DEFENDANT HERE TODAY VOLUNTEERED THAT HE WAS TAKING NUDE OR NAKED PICTURES OF MINORS RELATED TO HIS VOCATION AS A MISSIONARY IN BRAZIL WHERE HE UTILIZED PHOTOS OF NAKED CHILDREN.

HE ALSO VOLUNTEERED ... THAT HE POSSESSED OTHER COMPUTER DISKS THAT INCLUDED, AMONG OTHER THINGS, PHOTOGRAPHS OR DEPICTIONS OF NAKED CHILDREN.

THERE WAS A WORKING, VISIBLE CAMERA AT THE LOCATION TOGETHER WITH A TRIPOD. THE OFFICER ALSO RECEIVED INFORMATION FROM THE DEFENDANT THAT HE INTENDED TO TAKE PHOTOGRAPHS OF HIMSELF AS WELL, UNCLOTHED.

THERE WERE REASONABLE GROUNDS, AND THEREFORE PROBABLE CAUSE, FOR THE OFFICER AND DETECTIVE MCDONOUGH TO BELIEVE, GIVEN ALL OF THE SURROUNDING CIRCUMSTANCES, AND THE DEFENDANT'S STATEMENTS, THAT THE DEFENDANT MAY HAVE HAD SIMILAR ITEMS STORED ON A DISK OR A COMPUTER.

THERE IS ALSO A NOTE WITHIN THE WARRANT THAT THEY OBSERVED THE DEFENDANT'S CAR, AGAIN SUPPORTING, BASED UPON ALL THE SURROUNDING CIRCUMSTANCES, PROBABLE CAUSE TO BE-

¶ 10 Appellant next asserts that in order for there to be sufficient evidence to support his convictions for indecent exposure and open lewdness, the Commonwealth was required to establish that someone was actually affronted or alarmed. Appellant's brief at 16–17. Appellant asserts that the testimony introduced at trial failed to prove the "necessary element of causing affront or alarm," and argues that at best, the evidence showed a "consensual encounter." *Id.* at 17. Appellant provides no case or statutory citation to support this allegation. In addition, he recounts the events which led to his arrest in a light clearly more favorable to his claim of innocence than to the Commonwealth's successful showing of guilt.

¶ 11 We do not view the facts in such a light. It is without question that when addressing a sufficiency of the evidence claim, we must view the facts in a light favorable to the Commonwealth, as verdict winner. *Commonwealth v. Andrulewicz,* 911 A.2d 162, 166 (Pa.Super.2006). Here,

when viewed in the correct light, the facts reveal that Appellant, a 44 year old man, encouraged a 19 year old, a 15 year old and a 13 year old to swim naked with him in an area accessible to the public, and then photographed them naked, with the admitted intention of showing the photographs to others.

¶ 12 We find that evidence of such behavior is sufficient to support Appellant's convictions. As we noted previously, a person commits indecent exposure if that person "exposes his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she **knows or should know** that this conduct is likely to offend, affront or alarm." 18 Pa.C.S.A. § 3127(a) (emphasis added).[23] Similarly, Section 5901, pertaining to open lewdness, directs that "[a] person commits a misdemeanor of the third degree if he does any lewd act which he **knows is likely to be observed by others who would be affronted or alarmed.**" 18 Pa.C.S. § 5901 (emphasis added).[24] "Lewd" acts involve

---

LIEVE THAT IN ADDITION TO THE DEFENDANT HAVING THESE ITEMS IN HIS CAMERA AND/OR AT HIS HOME, THAT ONE OR MORE ITEMS OF CONTRABAND MAY HAVE BEEN STORED OR SECURED IN HIS VEHICLE.
See, NT May 31, 2005.

. . .

This Court, in reviewing in a common sense manner all three (3) Affidavits for the Search Warrants, concluded that there was sufficient supportive facts and probable cause within the four corners of the warrants to support their issuance, and thus, the application to suppress evidence was denied. See, NT May 31, 2005, page 50. Pa.R.A.P. 1925(a) Opinion filed 12/21/05 at 10–12 (capitalization in original).

**23.** While we recognize that the quarry in question here was private property, the evidence presented clearly indicated that it was frequently visited by the public, and that there were other people at the quarry when Appel-

lant and the victims arrived. Although Appellant asserts that he and his victims did not take off their clothes until they believed that the other people had left, the frequent presence of trespassers at the quarry certainly meant that someone may have remained, unseen by Appellant, or that others could arrive at any moment. As such, the location here certainly falls within the parameters of Section 3127(a). *See Commonwealth v. Thiry,* 2007 PA Super 44, ¶ 11, 919 A.2d 961, 964, 2007 WL 512362, *3, 2007 Pa.Super. LEXIS 215, *8 (February 20, 2007) (The drive through lane of a privately owned McDonald's restaurant considered a "public place" for purposes of Section 3127(a)). We note that Appellant does not dispute this conclusion.

**24.** In *Commonwealth v. Allsup,* 481 Pa. 313, 392 A.2d 1309 (1978), the Pennsylvania Supreme Court interpreted the phrase "likely to be observed by others who would be affronted or alarmed" to indicate that the lewd conduct must occur where and when "it is likely to be

"sexuality or nudity in public." *Commonwealth v. Fenton*, 750 A.2d 863, 866 (Pa.Super.2000). Section 5901 pertains to conduct that: "1) involves public nudity or public sexuality, and 2) represents such a gross departure from accepted community standards as to rise to the level of criminal liability." *Commonwealth v. Williams*, 394 Pa.Super. 90, 574 A.2d 1161, (1990).[25] Appellant is incorrect that the Commonwealth was required to prove that "affront or alarm" was actually caused. For the purposes of Section 3127, it is sufficient for the Commonwealth to show that Appellant knew or should have known that his conduct is likely to cause affront or alarm. *Commonwealth v. King*, 290 Pa.Super. 563, 434 A.2d 1294, 1299 (1981) (emphasis added).[26] We have no difficulty in finding that the Commonwealth met this burden. Likewise, we find that the Commonwealth presented sufficient evidence to show that Appellant knew his actions in swimming nude with minors in an area accessible to the public, and securing photographic evidence of such actions was "likely to be observed by others who would be affronted or alarmed" as is contemplated by Section 5901.[27] As such, this claim provides no relief on appeal.[28]

■ ¶ 13 Appellant next contends that the Commonwealth failed to present sufficient evidence that the nude photographs in question were possessed for purpose of sexual stimulation or gratification, thus failing to establish one of the elements of the offenses defined at 18 Pa.C.S. § 6312 Sexual Abuse of Children. Appellant's brief at 19–20. As we noted above, Section 6312(d) provides that:

> Any person who knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape computer depiction or other material depicting a child under the age of 18 years

---

observed by persons who have not consented to its occurrence, or who have not specially positioned themselves in such a manner as to be able to observe it, and who are likely to be affronted by such conduct or to find such conduct alarming." *Allsup*, 481 Pa. at 317, 392 A.2d at 1311. Here, the victims, who were minors, could not have consented to Appellant's conduct. *Commonwealth v. Kitchen*, 814 A.2d 209, 213 (2002); *Commonwealth v. Todd*, 348 Pa.Super. 453, 502 A.2d 631, 634–635 (1985).

25. In *Williams*, although a panel of this Court declined to find the appellant's actions of walking across a parking lot in his underwear lewd, it had no trouble assuming that when he did so, he knew that he would likely be observed by the residents, and that the residents would be offended. *Williams*, 574 A.2d at 1162.

26. In *King*, the appellant was charged with indecent exposure, and unsuccessfully argued that the victim's failure to testify that she was actually "affronted or alarmed" by his conduct was a flaw fatal to the Commonwealth's case. *King*, 434 A.2d at 1299.

27. Again, we note that because the quarry was so frequently used by the public, Appellant certainly knew that his actions were "likely to be observed by others," as is contemplated by Section 5901.

28. In conjunction with his claim that the evidence was insufficient to support his convictions for indecent exposure and open lewdness, Appellant asserts that those convictions cannot provide support for his conviction under Section 6301(a), pertaining to the corruption of minors. As we noted above, that Section states that:

> Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree. 18 Pa.C.S. § 6301(a). In light of our conclusion that there was sufficient evidence to support Appellant's convictions for indecent exposure and open lewdness, we find this claim to be without merit.

engaging in a prohibited sexual act or in the simulation of such act is guilty of a felony of the third degree.

18 Pa.C.S.A. 6312(d). Section Subsection 6312(a) defines "prohibited sexual act" to include "lewd exhibition of the genitals or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction." 18 Pa.C.S.A. § 6312(a) (emphasis added). Here, the crux of Appellant's argument is that the photographs did not depict prohibited sexual acts because they were possessed for a legitimate missionary purpose and the Commonwealth failed to prove that they were shown, shared or otherwise used for sexual stimulation or gratification. Appellant's brief at 19–20.[29]

¶ 14 Here, the trial court disagreed, explaining as follows:

In the present case, this Court personally examined each of the 273 photos in which Appellant and the young males are shown in various settings, completely nude. These photos depicting young boys with their genitals exposed and smiling in provocative poses with a nude defendant near them were taken for the sole purpose of the sexual stimulation and gratification of the viewer, Keith Tiffany. Common sense and human experience dictates no other interpretation. There is no other logical or rational conclusion.

Opinion filed 12/21/05 at 15. It was well within the responsibility of the trial court to make the determination that the photographs in question were not taken for any of the legitimate purposes contemplated by Section 6312(f), and we will not disturb that finding. *Commonwealth v. Savich,*

716 A.2d 1251, 1256 (Pa.Super.1998). In reaching this determination, the trial court was clearly not required to believe any of the testimony suggesting that Appellant took the 273 photos for "missionary purposes." *Commonwealth v. Thompson,* 778 A.2d 1215, 1219 (Pa.Super.2001).

¶ 15 In addition to assailing the evidence to support his convictions, Appellant challenges the trial court's decision to sentence him above the range suggested by the sentencing guidelines. Our review of the record, however, reveals that Appellant has waived this argument.

¶ 16 In his court-ordered Rule 1925(b) statement, Appellant asserted that the trial court abused its discretion when it sentenced him above the guideline range without placing on the record "sufficient valid reasons" for such deviation. Rule 1925(b) statement filed 11/16/05 at 2. Appellant failed to carry this allegation forward to his appellate brief, however. Instead, the brief challenges his sentence on the grounds that the trial court (1) based its departure from the guidelines on factors that were already contemplated by the guidelines, (2) engaged in speculation, (3) ignored mitigating factors, (4) ignored the findings of the Sexual Offenders Assessment Board, and (5) failed to "adequately take into consideration the unique facts and circumstances of this case." Appellant's brief at 24–25. Because these allegations were not included in Appellant's Rule 1925(b) statement, they have been waived for purposes of appeal. *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306(1998). Because the claim that the trial court failed to state the reasons for sentencing on the record was not supported

---

29. Pertinent to this argument, the prohibition contained in Section 6312(d) does not apply to "any material that is possessed, controlled, brought or caused to be brought into this Commonwealth, or presented for a bona fide educational, scientific, governmental or judicial purpose." 18 Pa.C.S. § 6312(f).

by any argument in the brief, it too has been waived. Pa.R.A.P. 2116; *Commonwealth v. Breakiron*, 566 Pa. 323, 331 n. 5, 781 A.2d 94, 98 n. 5 (2001).

¶ 17 For the forgoing reasons, the judgment of sentence is affirmed.

¶ 18 Affirmed.

¶ 19 JOYCE, J., FILES A CONCURRING AND DISSENTING OPINION.

CONCURRING AND DISSENTING OPINION BY JOYCE, J.:

¶ 1 I agree with the thoughtful rationale and conclusions of the Majority relating to the search warrant and the sufficiency of the evidence to sustain Appellant's conviction of indecent exposure. However, as I disagree that the Commonwealth met its burden of proving the crime of open lewdness, I would reverse that conviction and vacate the judgment of sentence. In that regard, I dissent.

¶ 2 To sustain a conviction for open lewdness, the Commonwealth must prove beyond a reasonable doubt that an accused "does any lewd act which he knows is likely to be observed by others who would be affronted or alarmed." 18 Pa.C.S.A. § 5901; *Commonwealth v. Allsup*, 481 Pa. 313, 392 A.2d 1309, 1311 (1978). In this case, the record is devoid of any evidence that anyone was affronted or alarmed.

¶ 3 There were three individuals at the quarry with Appellant. Only one, Steve Parfitt, testified at trial. He stated that all of those who accompanied Appellant "knew that we were going to swim without

our suit once we got up there," and that they had "talked about it." N.T., 05/31/2005, at 89. This is the extent of testimony relative to the element that someone would likely be affronted or alarmed. Mr. Parfitt did not testify that he was affronted or alarmed, nor was there any evidence of how the other two boys reacted to the naked swimming. To the contrary, swimming without suits was the plan before the group departed, and Mr. Parfitt testified that this was not the first time that they had swum naked. Clearly, even in viewing this testimony in the light most favorable to the Commonwealth as the verdict winner, this element was not proven beyond a reasonable doubt, and the evidence is insufficient to establish Appellant guilty of open lewdness.[30] Thus, I would reverse his judgment of sentence and vacate that conviction.

¶ 4 My position on the open lewdness conviction is not incompatible with affirming Appellant's judgment of sentence for the indecent exposure conviction. 18 Pa. C.S.A. § 3127(a) provides:

a) Offense defined.—A person commits indecent exposure if that person exposes his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm.

Thus, there are two "places" where the crime of indecent exposure can be committed, in "any public place" or "any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is

---

**30.** The Majority states that the Commonwealth was not required to prove that anyone was offended, alarmed or affronted because the victims were minors. Majority opinion, at 510 n. 24. I do not find such exception stated in 18 Pa.C.S.A. § 5901, nor can I locate a case which stands for that proposition. The cases cited by the Majority, *Commonwealth v. Kitchen*, 814 A.2d 209, 213 (Pa.Super.2002) and *Commonwealth v. Todd*, 348 Pa.Super. 453, 502 A.2d 631, 634–635 (1985), do not deal with issue at hand, or even the same crime, and cannot be read so broadly so to usurp a statutory element of the crime.

likely to offend, affront or alarm." *See Commonwealth v. De Walt,* 752 A.2d 915 (Pa.Super.2000) (treating the two places as alternative elements of the crime and finding that a back yard porch was not a public place); *see also Commonwealth v. Andrulewicz,* 911 A.2d 162 (Pa.Super.2006) (indecent exposure committed when the defendant exposed his genitals in presence of minors while in his home).

¶ 5 In this instance, Appellant exposed his genitals in a public place, a privately owned tract of land that was frequented by the public as the neighboring swimming hole. Since Appellant was in a public place, as opposed to "any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm," the Commonwealth was not required to prove that someone was offended, affronted or alarmed to sustain its burden of proof for indecent exposure.

¶ 6 Accordingly, I join in part and dissent in part.