J-S77024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
      v. :
:
:
:
:
JEFFREY ALAN HUBBARD :
:
     Appellant : No. 688 MDA 2017

Appeal from the Judgment of Sentence March 1, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001252-2016

BEFORE: BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY LAZARUS, J.: **FILED NOVEMBER 30, 2017**

Jeffrey Alan Hubbard appeals from his judgment of sentence, entered in
the Court of Common Pleas of Dauphin County, following his conviction for
indecent exposure.[1] After review, we affirm.

On December 27, 2015, Hubbard and his girlfriend were overnight
guests at the Hershey Lodge. They ordered room service, which was delivered
around 8:30 a.m. When the Hershey Lodge room service server ("server")
arrived to deliver their food, she knocked on Hubbard's hotel room door and
announced herself. The server testified that Hubbard, who answered the door,
was wearing only a tee shirt and that she could see his penis. N.T. Non-Jury
Trial, 3/1/17, at 9. The server also testified that after seeing Hubbard's

_____

[1] 18 Pa.C.S. § 3127(a).

_____

\* Former Justice specially assigned to the Superior Court.

exposed genitalia, she "was in shock." *Id.* at 10. The server immediately reported the incident to hotel management and security and, ultimately, gave a statement to the police. *Id.* at 12.

Hubbard was charged with one count of indecent exposure and, following a bench trial, was found guilty and sentenced to one month of probation, no contact with the victim and a $50 fine. Hubbard filed timely post-sentence motions that were denied, as well as a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Hubbard presents one issue for our review: Whether the evidence presented at trial was insufficient to prove beyond a reasonable doubt that [Hubbard] committed the offense of [i]ndecent [e]xposure where the Commonwealth failed to prove that [Hubbard] exposed his genitals under circumstances in which he knew or should have known his conduct was likely to offend, affront, or alarm. Appellant's Brief, at 4.

When addressing a sufficiency of the evidence claim, we must view the facts in a light favorable to the Commonwealth as verdict winner. *Commonwealth v. Andrulewicz*, 911 A.2d 162, 165 (Pa. Super 2006).

The crime of indecent exposure is defined in the Crimes Code as follows:

§ 3127. Indecent exposure.

(a)   Offense defined. — A person commits indecent exposure if that person exposes his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm.

18 Pa.C.S. § 3127(a) (emphasis added).[2]

We note that in the indecent exposure context, the Commonwealth is not required to prove that "affront or alarm" was actually caused. ***Commonwealth v. Tiffany***, 926 A.2d 503, 511 (Pa. Super. 2007). Rather, for purposes of proving section 3127, it is sufficient for the Commonwealth to show "that defendant 'knows his conduct is likely to cause affront or alarm.'" ***Id.***, citing ***Commonwealth v. King***, 434 A.2d 1294, 1299 (Pa. Super. 1981). Here, where Hubbard exposed his genitalia to a room service server at a hotel, he knew or should have known that his conduct was likely to offend, affront or alarm. Thus, there was sufficient evidence to prove Hubbard's guilt under section 3127; he is entitled to no relief on appeal. ***Tiffany***, ***supra***; ***King***, ***supra***.

Judgment of sentence affirmed.

---

[2] Instantly, the trial judge concluded that he was unable to review Hubbard's sufficiency claim in his Rule 1925(a) opinion where Hubbard failed to request a trial transcript and make it a part of the certified record. Specifically, the court found that Hubbard waived his sufficiency claim and requested that this Court dismiss his appeal. ***See*** Trial Court Opinion, 6/21/17, at 4. However, in July 2017, Hubbard supplemented the original record with the notes of testimony from his March 1, 2017 bench trial. Thus, we will not find the issue waived as we have a complete record for purposes of appellate review.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/2017