J-S28030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TROY JAMES DORNEMAN | : | |
| | : | |
| Appellant | : | No. 1757 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 19, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0002299-2017

BEFORE: BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: AUGUST 19, 2019**

Troy James Dorneman appeals the judgment of sentence for his convictions of Rape of a Child under 13, Involuntary Deviate Sexual Intercourse with a Child under 13 ("IDSI"), Indecent Assault of a Child Under 13, Indecent Exposure, and Corruption of Minors.[1] Dorneman's counsel filed an **Anders**[2] brief and a petition to withdraw as counsel. We affirm the judgment of sentence and grant counsel's petition to withdraw.

We derive the following statement of facts and procedural background of this case from the trial court's opinion:

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3126(a)(7), 3127, and 6301, respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

At trial, the victim, [K.D.] ("victim")… born November 10, 2004, who was therefore twelve years of age on October 7, 2017, the date of the incident, testified that [Dorneman] had raped her when he accompanied her upstairs to retrieve an X-Box. He closed the door to her Brother's bedroom, fondled her vagina, pulled down his pants and forced her to "suck his penis." She described the incident in detail. He then pulled down her pants and underwear, leaned her over the bed, and "put his penis in my butt." Afterwards, they got dressed and went downstairs. Her mother was downstairs watching television. She was afraid to tell her mother what happened, but on Sunday, she informed her pastor of what had occurred. Her pastor called her parents and the police were informed. The victim's Mother, [P.H.], confirmed that [Dorneman] and victim had gone upstairs to the victim's brother's bedroom looking for the X-box.

Officer Thomas Rentschler of the Mahanoy City Police Department interviewed the victim and [Dorneman] on October 15, 2017. At first [Dorneman] denied the incident but eventually admitted the incident, but testified that the victim was "willing." At trial, [Dorneman] denied the incident but admitted that he had informed the police that he did it. He testified he gave a "false confession" because he was anxious and believed he could then deny it later. He admitted the police did not yell at him, nor threaten him and that he never returned to the Police to recant his confession.

Trial Ct. Op., filed 10/19/18 at 2-3 (internal citations omitted).

A jury found Dorneman guilty of the above referenced offenses and the trial court sentenced him to concurrent terms of eight to 20 years' incarceration for both rape of a child and IDSI,[3] a concurrent term of 12 months' probation for indecent exposure, and a consecutive term of two years' probation for corruption of minors. This appeal followed.

_____

[3] The Indecent Assault conviction merged with the IDSI conviction.

- 2 -

Prior to reviewing the merits of Dorneman's appeal, we must examine whether counsel has complied with the requirements to withdraw. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). Counsel must provide a copy of the ***Anders*** brief to appellant, along with a letter explaining the appellant's rights to: (1) retain private counsel to pursue the appeal, (2) proceed *pro se* with the appeal, and (3) raise additional arguments that the appellant deems worthy of the Court's attention. ***See Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa.Super. 2007).

Instantly, counsel has complied with the procedural dictates of ***Anders*** by sending Dorneman a letter advising him of his rights and a copy of the ***Anders*** brief. We now consider whether counsel has complied with the substantive requirements set forth by the Pennsylvania Supreme Court in ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

An ***Anders*** brief must:

> (1) Provide a summary of the procedural history and facts, with citations to the record;
>
> (2) Refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) Set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) State counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** at 361. Counsel has complied with the requirements of ***Santiago*** because he adequately summarized the history and facts of the case with citations to

the record. Further, counsel has cited the relevant statutes, as well as the coinciding testimony of the victim, which the jury determined as fact. *See Id.* Citing each statute, as well as the relevant facts, is sufficient to articulate the reasons why the appeal is frivolous. Thus, counsel's *Anders* brief is sufficient. We now conduct an independent review to determine whether Dorneman's appeal is wholly frivolous.

Counsel identified one issue for our review:

> Did the Commonwealth fail to present sufficient evidence to support the convictions of the crime[s] charged?

*Anders* Br. at 4.

Regarding sufficiency of the evidence claims, our standard of review is *de novo*. *Commonwealth v. Rushing*, 99 A.3d 416, 420 (Pa. 2014). We consider the evidence of record, and all reasonable inferences arising therefrom, in the light most favorable to the Commonwealth as the verdict winner. *Id.* at 420-21. "We may not weigh the evidence and substitute our judgment for that of the factfinder." *Commonwealth v. Gibbs*, 981 A.2d 274, 280 (Pa.Super. 2009) (quoting *Commonwealth v. Bostick*, 958 A.2d 543, 560 (Pa.Super. 2008)). The facts offered by the Commonwealth "need not preclude every possibility of innocence," and the Commonwealth may sustain its burden of proof by wholly circumstantial evidence. *Id.* at 281 (quoting *Bostick*, 958 A.2d at 560). The factfinder is free to believe all, part, or none of the evidence. *See id.* Further, "uncorroborated testimony of a sexual assault victim, if believed by a trier of fact, is sufficient to convict a

defendant." ***Commonwealth v. McDonough***, 96 A.3d 1067, 1069 (Pa.Super. 2014).

### A. Rape of a Child and IDSI

A person commits the offense of Rape of a Child, a felony of the first degree, when a person engages in sexual intercourse with a person less than 13 years of age. 18 Pa.C.S.A. § 3121(c). Similarly, a person commits IDSI with a child when the person "engages in deviate sexual intercourse with a complainant that is less than 13 years of age." 18 Pa.C.S.A. § 3123(b). "Sexual intercourse" is "intercourse per os or per anus, with some penetration however slight; emission is not required. 18 Pa.C.S.A. § 3101. Sexual intercourse is "deviate" if it is for any purpose other than good faith medical, hygienic or law enforcement procedures." ***Id.***

First, it is undisputed that the victim was less than 13 years of age at the time of the incident. The victim testified that Dorneman pulled her underwear down, inserted his penis in her anus, and made a back and forth motion. N.T. Trial, 08/20/18 at 42-43. The victim also testified that Dorneman put his penis in her mouth and "pushed my head into it." ***Id.*** at 40-41. Further, Officer Thomas Rentschler testified that Dorneman admitted to police that he had oral sex with the victim. ***Id.*** at 73. In contrast, at trial Dorneman testified that his statement to Officer Rentschler was false. ***Id.*** at 84. The jury as fact-finder was free to believe the testimony of the victim over the testimony of Dorneman as a part of their credibility determination and clearly here it believed the testimony of the victim. ***See Gibbs***, 981 A.2d at 281; ***see also***

***McDonough***, 96 A.3d at 1069. There was sufficient evidence to sustain a conviction for Rape of a Child and IDSI, thus the sufficiency claims are wholly frivolous. No relief is due.

**B. Indecent Assault of a Child Under 13**

To establish a conviction for indecent assault, the Commonwealth must prove that the defendant had "indecent contact with the complainant, cause[d] the complainant to have indecent contact with the person or intentionally cause[d] the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and the complainant is less than 13 years of age." 18 Pa.C.S.A. § 3126(a)(7). "Indecent contact" is "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101.

The 12-year-old victim testified that Dorneman inserted his penis in her mouth and her anus. Additionally, Officer Rentschler testified that in his statement to police, Dorneman confirmed that he had placed his penis on her anus and did a thrusting motion until he ultimately ejaculated on the floor, but denied penetration. N.T. Trial, 08/20/18 at 73. Regardless, this would still be sufficient to establish indecent assault. Thus, the sufficiency claim is wholly frivolous.

**C. Indecent Exposure**

"A person commits indecent exposure if that person exposes his or her genitals in any public place or in any place where there are present other

persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm." 18 Pa.C.S.A. § 3127(a).

Here, the victim testified that Dorneman pulled his underwear down, causing her to see his penis. N.T. Trial, 08/20/18 at 40. She further testified that she was "like, really shocked and confused. Like, I was just afraid." *Id.* This evidence was sufficient to sustain the conviction because it established that Dorneman exposed himself to the victim in a place that caused her alarm. Moreover, Dorneman at the very least should have known that showing his penis to a 12-year old would cause her alarm. ***See Commonwealth v. Tiffany***, 926 A.2d 503, 510-511 (Pa.Super. 2007) (holding that the Commonwealth is not required to prove that "affront or alarm" was actually caused, rather just that the defendant knew or should have known it was likely to be caused). The evidence was sufficient. The sufficiency claim is thus frivolous, and no relief is due.

### D. Corruption of Minors

A person commits Corruption of Minors when, "being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor of an offense under Chapter 31 commits a felony of the third degree." 18 Pa.C.S.A. § 6301(a)(ii).

Again, the evidence was sufficient to sustain a conviction for Corruption of Minors. As discussed above, the evidence was sufficient to support

convictions for Rape of a Child, IDSI, Indecent Assault, and Indecent Exposure, which are all offenses under Chapter 31. It is wholly reasonable to conclude that this would corrupt the victim's morals, and it is undisputed that she was under 18 years of age. Even though Dorneman denied committing these crimes at trial, the uncorroborated testimony of a victim is sufficient, if believed by a trier of fact, to sustain a conviction. *McDonough*, 96 A.3d at 1069. The evidence was sufficient to sustain a conviction for all of the charges, and thus it was sufficient to sustain a conviction for Corruption of Minors. The challenge to the sufficiency is frivolous.

We agree with counsel that the sufficiency challenges identified by counsel are wholly frivolous. Further, upon an independent review of the record, we conclude that there are no non-frivolous issues. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2019