J-S07026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TIMOTHY WAYNE LEWIS | |
| Appellant | No. 1361 MDA 2015 |

Appeal from the Judgment of Sentence April 16, 2015
In the Court of Common Pleas of Montour County
Criminal Division at No(s): CP-47-CR-0000241-2012

BEFORE:  BOWES, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED MARCH 14, 2016**

Timothy Wayne Lewis brings this appeal from the judgment of sentence imposed on April 16, 2015, in the Court of Common Pleas of Montour County.  The trial court found Lewis guilty of unlawful contact with a minor, corruption of minors, and open lewdness.[1]  Thereafter, the trial court determined that Lewis was a Sexually Violent Predator (SVP) and sentenced him to an aggregate term of 58 months to 144 months' incarceration.[2]  Lewis presents three questions: (1) "Where the definition of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6318(a)(2), 6301(a)(1)(i), and 5901, respectively.

[2] The court imposed the following sentences of imprisonment: (1) Count 3 — unlawful contact with a minor, 33 to 84 months, (2) Count 1 — corruption of minors, 25 to 60 months, to run consecutively to the sentence imposed for unlawful contact with a minor, and (3) Count 2 — open lewdness, 3 to 12

*(Footnote Continued Next Page)*

Unlawful Contact With Minor, 18 Pa.C.S. § 6318(a)(2) includes 'Open Lewdness as defined in § 5901', should these counts have merged for sentencing purposes?", (2) "Where the basis of the Court's imposition of consecutive sentences was not factually supported, should the Court have imposed concurrent sentences?", and (3) "Should a court make a[n] [SVP] finding where there is no scientifically based risk assessment [] of [Lewis]?". Lewis's Brief at 3.[3]  Based upon the following, we affirm.

This case arose on October 24, 2012, at a Salvation Army store in Danville, Pennsylvania.  The seven year old victim was with her grandmother, who was shopping in the store.  At trial, the victim described Lewis's actions of raising a Barbie doll, holding it up to the victim, and manipulating the area on the doll between its legs, and smiling at the victim. The trial court convicted and sentenced Lewis, as set forth above. Thereafter, Lewis filed a motion for reconsideration of sentence, which was denied by the trial court.  This appeal followed.[4]

The first issue raised by Lewis is whether the trial court erred in failing to merge the counts of unlawful contact with a minor and open lewdness, for

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯

months, to run concurrently with the sentence imposed for corruption of minors.

[3] We have reordered Lewis's questions for purposes of this discussion.

[4] Lewis timely complied with the order of the trial court to file a statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

purposes of sentencing. Lewis argues that "the exact same criminal act constituted the basis of all three charged offenses," and that "all of the elements of [open lewdness, 18 Pa.C.S.] § 5901 are included within the statutory elements of [u]nlawful [c]ontact with a [m]inor, 18 Pa.C.S. § 6318(a)(2)." Lewis's Brief at 8. Lewis maintains that "[Subsection (a)(2)] of the Unlawful Contact with Minor statute is by definition merely Open Lewdness directed toward a minor. It is essentially a lesser included offense." Lewis's Brief at 7.

"A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence. Therefore, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Nero***, 58 A.3d 802, 806 (Pa. Super. 2012) (quotations and citation omitted).

Section 9765 of the Judicial Code provides:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. This Court has explained:

[The Pennsylvania Supreme Court] held the plain language of Section 9765 reveals a legislative intent "to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other."

*Commonwealth v. Quintua*, 56 A.3d 399, 401 (Pa. Super. 2012), citing

*Commonwealth v. Baldwin*, 985 A.2d 830, 837 (Pa. 2009).

Turning to the statutes at issue, the statute prohibiting open lewdness provides:

> A person commits a misdemeanor of the third degree if he does any lewd act which he knows is likely to be observed by others who would be affronted or alarmed.

18 Pa.C.S. § 5901. "Lewd" acts involve "sexuality or nudity in public."

*Commonwealth v. Fenton*, 750 A.2d 863, 866 (Pa. Super. 2000). Section

5901 pertains to conduct that: "1) involves public nudity or public sexuality,

and 2) represents such a gross departure from accepted community

standards as to rise to the level of criminal liability." *Commonwealth v.*

*Tiffany*, 926 A.2d 503, 511 (Pa. Super. 2007) (quotations and citation

omitted).

Regarding the crime of unlawful contact with minors, the Crimes Code provides:

> A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth: ...
>
> > (2) Open lewdness as defined in section 5901 (relating to open lewdness).

18 Pa.C.S. § 6318(a)(2). A defendant need not be successful in completing

the purpose of his communication with a minor in order to be found guilty of

Section 6318(a). "Once Appellant contacts or communicates with the minor **for the purpose of** engaging in the prohibited activity, the crime of unlawful contact with a minor has been completed." **Commonwealth v. Evans**, 901 A.2d 528, 537 (Pa. Super. 2006) (emphasis in original).

Here, the unlawful contact occurred when Lewis intentionally attracted the minor victim's attention. The contact was clearly initiated for the purpose effectuating the crime of open lewdness. Lewis's argument that the open lewdness offense is a lesser included offense of unlawful contact with a minor is premised upon his erroneous assertion that "[Subsection (a)(2)] of the Unlawful Contact with Minor statute is by definition merely Open Lewdness directed toward a minor." Lewis's Brief at 7, **supra**.

While the crimes occurred contemporaneously, we must also look at the statutorily-required elements of each offense to see if the greater offense necessarily includes the lesser offense. **See** 42 Pa.C.S. 9765. Even though Lewis did engage in open lewdness, which is enumerated in 18 Pa.C.S. § 6318, the crime of open lewdness need not have been carried out to commit unlawful contact of a minor pursuant to Section 6318(a)(2). **See Evans, supra.** As the trial court correctly explained:

> Open Lewdness requires the elements of a lewd act and that it would likely affront or alarm another, elements which are not required of Unlawful Contact with a Minor. Conversely, Unlawful Contact with a Minor requires contact with a minor, which is not required by Open Lewdness.

Trial Court Opinion, 7/21/2015, at 2 (unnumbered). Because each offense requires proof of at least one element that the other does not, the offenses do not merge. **See Baldwin, supra** at 837. Therefore, we conclude Lewis's sentence is not illegal, and reject Lewis's argument that the court erred in failing to merge the two charges for purposes of sentencing.

Next, Lewis contends the evidence was insufficient to support the trial court's determination that he was an SVP. The principles that guide our review are as follows:

> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

> **Commonwealth v. Baker**, 2011 PA Super 131, 24 A.3d 1006, 1033 (Pa. Super. 2011), *aff'd*, 621 Pa. 401, 78 A.3d 1044 (Pa. 2013) (citation omitted).

> This Court has explained the SVP determination process as follows:

> After a person has been convicted of an offense listed in [42 Pa.C.S.A. § 9799.14], the trial [court] then orders an assessment to be done by the [SOAB] to help determine if that person should be classified as a[n SVP. An SVP] is defined as a person who has been convicted of a sexually violent offense . . . and who [has] a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. In order to show that the offender suffers from a mental abnormality or personality disorder, the evidence must show that the

defendant suffers from a congenital or acquired condition that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory. . . . Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to re-offend, an opinion about which the Commonwealth's expert is required to opine. However, the risk of re-offending is but one factor to be considered when making an assessment; it is not an independent element.

*Commonwealth v. Stephens*, 2013 PA Super 181, 74 A.3d 1034, 1038-1039 (Pa. Super. 2013) (internal quotation marks, ellipsis, and citations omitted).

When performing an SVP assessment, a mental health professional must consider the following 15 factors: whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim(s); the defendant's relationship with the victim(s); the victim(s)' age(s); whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim(s)' mental capacity(ies); the defendant's prior criminal record; whether the defendant completed any prior sentence(s); whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending. *See* 42 Pa.C.S.A. § 9799.24(b).

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189–190 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1199 (Pa. 2015).

Here, Lewis argues that his expert, Dr. Timothy P. Foley, "applied one of these scientifically based actuarial risk assessment instruments, the

Static-99R, to determine that Mr. Lewis has a low risk of repetition of his behavior." Lewis's Brief at 11. Lewis maintains "the trial court's reluctance to consider the scientific evidence of the Static-99R was unreasonable, and [Commonwealth expert] Dr. [Joseph B.] Sheris's conclusion, which was accepted by the Court, to find that Mr. Lewis is a sexually violent predator was based upon gut feelings and supposition, rather than any scientifically based instruments of prediction." *Id.*

At the SVP hearing, Dr. Foley explained that the Static-99R tool "was developed based upon an analysis of more than 25,000 convicted offenders," and that it is a tool that "assists in assigning a level of dangerousness or risk for sex offense recidivism, which is measured as new charges or convictions." N.T., 4/16/2014, at 44. With regard to the Static-99R, he stated Lewis scored a "Plus 2," which represented a "relatively low risk for recidivism." *Id.* at 45. On cross-examination, Dr. Foley admitted Lewis's score "would have been five which is relatively high …. With the age correction for over 60, because he is going to be confined beyond the age of 60, he gets a two." *Id.* at 50.

The trial court, after hearing the testimony presented at the SVP hearing, noted that in using the Static-99R assessment tool to assess risk recidivism, Dr. Foley factored in Lewis's age as of the time he presumably would be released from prison. The trial court reasoned: "[Dr. Foley] admitted it was not part of the protocols of Static 99 to impute some kind of

advanced age.  So, that casts credibility issues with respect to this case."

N.T., 4/16/2015, at 61.

In its opinion, the trial court addressed its SVP determination, as follows:

> The Commonwealth presented the testimony of Joseph B. Sheris, Ph.D., SCC, CCMHC, an eminently qualified expert retained by the Pennsylvania Sexual Offenders Assessment Board. Dr. Sheris testified that [] he evaluated and considered the facts of the current offense, the prior offense history, [Lewis's] characteristics, and factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense, consistent with the requirements of 42 Pa.C.S. § 9799.24(b). Dr. Sheris concluded that [Lewis] suffers from the diagnosis of Antisocial Personality Disorder and that [Lewis] engaged in Predatory Behavior in the present case and in prior cases and was likely to engage in predatory sexually violent offenses. Even [Lewis] admitted in a signed written statement that he makes lewd gestures to children to, in his mind, keep from "touching or acting out," and [Lewis] admitted that he does derive "satisfaction out of it." (NT 18). In this written statement, [Lewis] admitted to two (2) separate incidents (the present incident and one in the recent past in 2012) involving his approach of children in the local Salvation Army store. He also has a 1999 conviction for Corruption of Minors. The sentencing court accepted Dr. Sheris's testimony and opinions as entirely credible, and rejected the testimony of Dr. Foley, [Lewis's] expert witness. The sentencing court had substantial evidence upon which it properly found that [Lewis] is an SVP.

Trial Court Opinion, 7/21/2015, at 3–4 (unnumbered).

Based on our review, we find that the Commonwealth did provide clear and convincing evidence that Lewis is an SVP. The report of the Commonwealth's expert, Dr. Sheris, and his testimony at the SVP assessment hearing, indicate that he conducted a detailed evaluation of Lewis with regard to the statutory factors and his mental abnormality, in

accordance with 42 Pa.C.S. § 9799.24(b). N.T., 4/16/2015 at 6–23; Sexual Offender Assessment Board SVP Assessment, 7/20/2014, at 6–9. In this regard, we note that Section 9799.24(b) does not call for the use of the Static-99. **See** 42 Pa.C.S. § 9799.24(b).

As an appellate court, we must view the evidence in the light most favorable to the Commonwealth when reviewing the sufficiency of the evidence for an SVP determination, and we may not disturb the trial court's credibility determinations. **See Hollingshead, supra**, 111 A.3d at 194. Because we have found that the Commonwealth has presented clear and convincing evidence that Lewis met the SVP criteria, we conclude that the trial court did not err in designating him an SVP.

Finally, Lewis claims that the trial court erred in imposing consecutive sentences on the corruption of a minor and unlawful contact with a minor charges. Lewis contends the trial court "ignored the findings and authorities cited by Dr. Foley for his conclusion that there was no measurable predictable, scientific evidence or support for a finding that an anti-social personality disorder renders an individual more likely to repeat sexually violent conduct." Lewis's Brief, at 9.

As Lewis's argument is a discretionary sentencing claim, we must conduct the following examination:

> A challenge to the discretionary aspects of a sentence is not appealable as of right; instead, an appellant must petition for permission to appeal. **Commonwealth v. Colon**, 2014 PA Super 242, 102 A.3d 1033, 1042 (Pa. Super. 2014), *appeal*

*denied*, 109 A.3d 678 (Pa. 2015). We evaluate the following factors to determine whether to grant permission to appeal a discretionary aspect of sentencing.

> Before we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue [at sentencing or in a motion to reconsider and modify sentence]; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [as required by Pennsylvania Rule of Appellate Procedure 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his [Rule 2119(f)] concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Edwards*, 2013 PA Super 142, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 622 Pa. 765, 81 A.3d 75 (Pa. 2013). Further, "[i]f a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim." *Commonwealth v. Karns*, 2012 PA Super 154, 50 A.3d 158, 166 (Pa. Super. 2012), *appeal denied*, 619 Pa. 721, 65 A.3d 413 (Pa. 2013).

*Commonwealth v. Batts,* 125 A.3d 33, 43 (Pa. Super. 2015).

Here, although Lewis filed a timely notice of appeal and preserved his claim in a timely motion for reconsideration of sentence, his brief does not contain a Rule 2119(f) concise statement of the reasons relied upon for allowance of appeal. The Commonwealth, in its brief, has objected to Lewis's omission. *See* Commonwealth's Brief at 6. Therefore, we are precluded

from addressing the discretionary aspects claim. ***Batts, supra***. ***See also Commonwealth v. Dawson,*** ___ A. 3d ___ [2015 PA Super 256] (Pa. Super. 2015) (denying appellant's petition for permission to appeal the discretionary aspects of her sentence, where Commonwealth lodged objection to appellant's failure to include a Rule 2119(f) statement in her brief).[5]

Having reviewed Lewis's arguments, and having found them to be meritless or waived, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/14/2016

_____

[5] Even if we considered Lewis's claim, no relief would be due. We note the imposition of consecutive rather than concurrent sentences generally lies within the discretionary power of the sentencing court. ***Commonwealth v. Johnson***, 961 A.2d 877, 880 (Pa. Super. 2008) ("Long standing precedent of this Court recognizes that 42 Pa.C.S. § 9721 affords sentencing court discretion to impose sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed."). Here, the trial court found there were no mitigating factors and imposed standard range sentences, and ordered that the sentences run consecutively. N.T., 4/16/2015, at 85. The trial court made a credibility determination concerning Dr. Foley's testimony. We would find no abuse of discretion in sentence imposed by the trial court.