378 A.2d 335

**COMMONWEALTH of Pennsylvania**

v.

**Manuel GONZALES, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Oct. 6, 1977.

Edward F. Browne, Jr., Assistant Public Defender, Lancaster, for appellant.

Ronald L. Buckwalter, First Assistant District Attorney, Lancaster, and D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Lancaster County, after conviction by a jury of public indecency under the Act of June 24, 1939, P.L. 872, § 519; 18 P.S. § 4519; and from the denial of post-trial motions. The defendant was sentenced to pay a fine of $50.00 plus costs of prosecution and serve one year on probation.

■ The defendant-appellant, Manuel Gonzales, was observed masturbating in the front seat of an automobile double parked in Penn Square, Lancaster, Pennsylvania during daylight hours by a city detective and a bank employee. The evidence was sufficient to sustain the conviction. *Commonwealth v. Davidson*, 220 Pa.Super. 451, 289 A.2d 250 (1972).

The defendant was indicted on June 31, 1970, but was not tried until March 19, 1975. The appellant filed a motion to quash the indictment raising the issue of denial of his Sixth Amendment right to a speedy trial. The application was dismissed by Judge Johnstone of the court below without a hearing. Judge Johnstone dismissed the petition on the grounds that: "Defendant a fugitive since January 11, 1971 (sic)." In Judge Bucher's opinion it was stated that: ". . . the record indicates that defendant was not tried until 1975 because he had fled to Puerto Rico. The motion to quash was therefore properly denied." This was evidently based on the appellant's answer to a question on cross-examination during his trial:

"BY MR. BUCKWALTER:

"Q. Why didn't you appear?

"A.   I—my family was sick in Puerto Rico and I went to see them and when I get back—"

The appellant was not permitted to complete his answer.

The record does not show when he went to Puerto Rico, how long he was there, when he came back, or what happened on his return.   A hearing on his petition to quash would have afforded appellant an opportunity to present evidence to explain his absence.   It is strange that the court below attempts to justify its failure to order a pre-trial hearing by relying on matters not in the record at the time of the denial of the motion to quash.

The trial was listed for June 18, 1970.   The record is vague as to what took place afterward but on January 11, 1971, appellant's bail was forfeited and a bench warrant was issued.   The record does show that on September 24, 1970, the appellant asked for a continuance to January, 1971.

In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court identified four factors to be balanced in determining whether a defendant's Sixth Amendment right to a speedy trial had been denied: (1) The length of the delay, (2) The reason for the delay, (3) The defendant's assertion of the right, and (4) The prejudice to the defendant.

Length of the delay is the triggering mechanism. If the delay has been sufficiently long, the court must then examine the other factors to determine if the delay is justified or excused.   *Commonwealth v. Hicks*, 231 Pa.Super. 272, 332 A.2d 452 (1974).   By refusing to hold a hearing the court below abrogated its responsibility to use the balancing test.   An evidentiary hearing was necessary in order for the court to make an informed decision.

The judgment of sentence is vacated and the case is remanded to the court below for an evidentiary hearing to determine whether his Sixth Amendment right to a speedy trial was violated.   If, after hearing, it is determined that his constitutional right was not violated under the balancing test in *Barker v. Wingo*, supra, then the judgment of sen-

362

tence shall be reinstated. If, however, it is determined after hearing, that his right to a speedy trial was violated, the defendant is to be discharged.