396 A.2d 428

**COMMONWEALTH of Pennsylvania**

v.

**Manuel GONZALES, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1978.

Decided Dec. 22, 1978.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Richard A. Sheetz, Jr., Assistant District Attorney, with him Ronald L. Buckwalter, District Attorney, Lancaster, for Commonwealth, appellee.

Before VAN der VOORT, MONTGOMERY and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Lancaster County, Criminal Division, and involves defendant-appellant's appeal from a conviction by a jury of public indecency.

 On March 30, 1970, the appellant was observed masturbating while seated in a motor vehicle. Detective Paul Rose and one John Gabriel observed the defendant masturbating in his convertible automobile which was double parked in Penn Square, Lancaster, Pennsylvania, at about 3:30 P.M. He was convicted of public indecency by a jury on March 19, 1975. Defendant now claims that the evidence adduced at trial was not sufficient to convict him because his acts were not open nor notorious. This issue has been previously resolved by this Court in *Commonwealth v. Gonzales,* 249 Pa.Super. 359, 378 A.2d 335 (1977) wherein we held that the act of masturbating in an automobile, on a busy street in a city during daylight hours was an open and notorious act and that therefore sufficient evidence was

adduced at trial for a jury to convict the defendant of public indecency. *Act of June 24, 1939, P.L. 872, 3519; 18 P.S. 4519.* However, we also remanded this case to the court below to conduct an evidentiary hearing on whether the defendant's right to a speedy trial had been violated. *Commonwealth v. Gonzales, supra.*

■ Although arrested in March of 1970 the defendant was not brought to trial until March 19, 1975. Since his arrest occurred prior to the effective date of *Pa.Rules of Crim.Pro. 1100* that rule is inapplicable to the defendant. *Commonwealth v. Perry,* 468 Pa. 515, 364 A.2d 312 (1976). Therefore, the facts of this case relative to the five year delay in bringing the defendant to trial must be examined in light of the law in existence prior to *Pa.Rules of Crim.Pro. 1100.* In *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the U. S. Supreme Court devised a four prong test in order to determine whether a defendant's Sixth Amendment rights to a speedy trial had been violated. The four factors to be considered are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant.

The record reveals that defendant was arrested in March of 1970. His preliminary hearing was held in April of 1970 after which he was bound over for the Grand Jury. After a true bill was returned against him by the Grand Jury he was scheduled for trial on June 22, 1970. For reasons not appearing on the record the trial was continued until September of 1970. On September 24, 1970, a public defender, appointed by the court to represent the defendant because defendant's private counsel had been granted permission to withdraw from the case, requested a continuance of the case which was granted. During this time the defendant was confined in the Lancaster County Prison on a parole violation charge due to an unrelated incident. Defendant was released from prison on the parole violation charge in November of 1970 and bail in the amount of $500.00 was set and posted on the public indecency charge. During the bail

proceeding the defendant signed the bail piece which advised the defendant that January 11, 1971 had been set as his trial date. Judge Hensel Brown, who had conducted the bail proceeding, testified at the hearing on the speedy trial allegations that although he could not remember this specific situation that it was his usual practice to emphasize the trial date to a defendant at the bail proceeding. In any event defendant admitted signing the bail piece on which the date of the trial appeared.

The defendant then left Pennsylvania to visit his family in Puerto Rico returning to Pennsylvania some time after January 6, 1971. However, at the time of his arrest, defendant was living with an uncle at a Liberty Avenue address in Lancaster, Penna. and when he returned from Puerto Rico he went to York, Penna. and took up residence there. He did visit his uncle at his old address several times after his return from Puerto Rico. Defendant did not report for trial on January 11, 1971 nor did he communicate his whereabouts to his attorney, the police, the court nor the District Attorney's Office. He was finally apprehended on a bench warrant on January 14, 1975 and tried and convicted on March 19, 1975. He was fined $50.00 plus costs and placed upon probation for one (1) year by the court below as a result of this conviction.

Defendant claims that his right to a speedy trial was violated by the five year delay in bringing him to trial. He also claims that the court below erred in the manner by which it conducted the speedy trial hearing as defendant testified first during that hearing and defendant thus claims that the court below improperly placed the burden of proving his Sixth Amendment claim on the defendant when the burden should have been on the Commonwealth. Applying *Barker,* supra, to the instant case we see that there was a five year delay between defendant's arrest and his trial. However, the reason for the delay was defendant's request for a continuance and subsequently defendant's change of address without notification to anyone in authority about his new place of residence. Defendant did not appear for trial

on January 11, 1971 although he had been advised to appear for trial on that date at the bail proceeding. Upon his arrest on January 14, 1975 he was promptly tried. We cannot condone the conduct of a defendant who fails to appear for his trial and changes his address without notifying anyone as to his new address by reasoning that his rights to a speedy trial have been violated under those circumstances. Therefore we hold that although the delay in bringing defendant to trial was great, that such delay (except for the delay from June of 1970 to September of 1970 which is not explained by the record) was caused by the defendant. Likewise defendant never made any attempt to assert his speedy trial rights and to the contrary avoided his impending trial. Finally we can discern no prejudice caused to defendant by the delay. Defendant admitted at his speedy trial hearing that he had no witnesses to present at his trial other than himself and the passage of time therefore did not hamper him in that regard. The testimony of the Commonwealth consisted of two eye-witness accounts to the act. Both eye witnesses clearly remembered the essential details of the incident and there is nothing to suggest that any exculpatory evidence was lost due to the passage of time. Defendant does claim that testimony about a handkerchief found in his automobile at the time of the incident necessitates a finding of prejudice because the handkerchief was lost between the date of the arrest and the trial and could not be produced in court. The handkerchief was allegedly damp when taken from defendant and defendant reasons that a chemical analysis of it could have proved that it did not contain semen stains thereby casting doubt on the testimony of the Commonwealth's witnesses. This reasoning strains the imagination because the handkerchief, whether damp or not at the time of defendant's arrest, would have been dry at trial whether the trial was held in June of 1970 or March of 1975. Even if the chemical analysis did indicate the absence of semen stains this would not exculpate the defendant because it was the act of masturbating in public and not its result which was the open and notorious conduct of the crime. The absence of stains

on the handkerchief, therefore, would have added very little to the defendant's case.

Finally, defendant's claim that the burden of proof at the speedy trial hearing was improperly placed upon him does not mandate a different result here. Whether the defendant or Judge Brown testified first had no bearing on the final decision as it was already a matter of record that defendant did not appear for his scheduled trial on January 11, 1971. The bail piece, signed by the defendant, notified him of his trial on that date. Although the proper procedure would have been for the Commonwealth to proceed with the burden of relating the peculiar circumstances of this case including the facts already of record rendered any such error harmless here.

Order affirmed.