J-S23035-24

2024 PA Super 158

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMIR BOYD | : | |
| | : | |
| Appellant | : | No. 2863 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 3, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001996-2023

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

OPINION BY COLINS, J.: **FILED JULY 26, 2024**

Appellant, Samir Boyd, appeals the judgment of sentence imposed by the Philadelphia County Court of Common Pleas after the court found him guilty of indecent exposure and open lewdness.[1] On direct review, he challenges the sufficiency of the evidence sustaining his convictions. For the reasons set forth below, we affirm.

The trial court has summarized the facts of this case as follows:

At a jury waiver trial on July 24, 2023, complainant K.S. testified that on April 4, 2022, she boarded a [north]bound Broad Street Line train at the Ellsworth-Federal station in Philadelphia. While on the train, K.S. felt as if someone was watching her. She looked up and saw Appellant, Samir Boyd, looking at her while masturbating. K.S. was approximately 10-15 feet from Appellant. Appellant was wrapped in a blanket, which did not cover him at all times, and K.S. could see Appellant's penis. Appellant made eye contact with K.S. and continued to masturbate with "a weird

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3127(a) and 5901.

grin on his face." K.S. contacted SEPTA[2] police through an app and via telephone. When she got off the train at the Olney station, she was met by SEPTA police officers and identified Appellant.

Trial Court Opinion, 12/20/23, 1 (record citations omitted).

The trial notes of testimony include the following section of K.S.'s direct examination testimony which is relevant for resolving the issues Appellant presents on appeal:

Q. And when you said he was masturbating what part of his body did you see?

A. I saw his penis.

Q. And what was he doing with his penis?

A. He was masturbating, he was jerking off.

Q. When this happened was there anyone else on the train when this began?

A. When I first looked up and I noticed he was doing that I immediately looked around and no one else was on the train.

Q. And you said that you've been looking at your phone and then you looked up. Was he looking at you or did you makes [sic] eye contact at all?

A. Yes, he had this weird grin on his face and he just kept doing it.

Q. At any point after this started did anyone else get on the train?

A. Yes, there were periods where other people got on the train and he was doing the same thing to other women, as well.

_____

2 SEPTA is an abbreviation for the Southeastern Pennsylvania Transportation Authority.

Q.     By the same thing do you mean looking at them and masturbating?

A.  Yes, correct.

Q.  And about how long did this go on for; if you remember?

A.  This went on until I got to my stop at Broad and Olney.

N.T. 7/24/23, 14-15.

At the end of K.S.'s testimony the court conducted the following brief questioning to clarify her ability to see Appellant's penis:

> THE COURT:  I apologize, I am trying to imagine it like a film script to reproduce it exactly what happened.  You said you were able to see his penis.   Were his pants down or were his pants unzipped or unbuttoned to expose his genitals; if you can recall?
>
> THE WITNESS:  I can not say how his pants were because he had a blanket over.  He had his penis out at certain times without me being able to see whether or not he had pants on or not because he had a blanket over him.
>
> THE COURT:  I got you.
>
> THE WITNESS:  There were times when he covered it up with the blanket.

N.T. 7/24/23, 23.

Appellant proceeded to be tried at a bifurcated non-jury trial held on July 7 and 24, 2023, during which the trial court heard fact witness testimony from K.S. and a responding police officer and stipulated testimony from a neighbor of Appellant, who would attest that he had a reputation in the community for peacefulness and abiding by the law.   After hearing the

evidence, the court found Appellant guilty of the above-referenced offenses.[3] N.T. 7/24/23, 104. On October 3, 2023, the court sentenced him to one to two years' imprisonment for indecent exposure; open lewdness merged for sentencing purposes. N.T. 10/3/23, 15. Appellant timely filed a notice of appeal and a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Notice of Appeal, 11/1/23; Rule 1925 Order, 11/6/23; Rule 1925(b) Statement, 11/27/23.

Appellant presents the following questions for our review:

A. Was the evidence insufficient to support Appellant's conviction for indecent exposure, where the Commonwealth failed to show that he knowingly exposed his genitals?

B. Was the evidence insufficient to support Appellant's conviction for open lewdness, where the Commonwealth failed to show that he committed a lewd act that he knew was likely to be observed by others?

Appellant's Brief at 4 (answers by the lower court omitted).

In his first issue, Appellant claims that the evidence was insufficient to sustain the *mens rea* element of his indecent exposure conviction because it failed to show that he knowingly exposed his genitals in the view of others in public. Appellant's Brief at 9-16. He argues that the circumstances of the case "were much too ambiguous" to support the conclusion that he

_____

[3] The court granted a motion for judgment of acquittal as to a harassment charge under 18 Pa.C.S. § 2709(a)(1) and found Appellant not guilty of harassment under 18 Pa.C.S. § 2709(a)(4) and disorderly conduct under 18 Pa.C.S. § 5503(a)(4). N.T. 7/24/23, 82-83, 104.

intentionally or knowingly exposed himself to K.S. *Id.* at 12. To support his claim, he points out that: (1) K.S. was not sure when during her subway ride that she first noticed that he was exposed; (2) there was no evidence of additional passengers noticing that he was exposed; and (3) his genitals were only "intermittently" visible to K.S. due to his use of a blanket. *Id.* at 12-15. In addition to the fact that his genitals were not exposed at the time when police officers responded to the subway car, Appellant maintains that the evidence did not support the conclusion that he "knew or should have known that his genitals were visible." *Id.* at 16.

Our standard of review for Appellant's instant claims challenging the sufficiency of the evidence is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

*Commonwealth v. Brockman*, 167 A.3d 29, 38 (Pa. Super. 2017) (citation omitted).

"A person commits indecent exposure if that person exposes his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm." 18 Pa.C.S. § 3127(a). "For purposes of Section 3127, it is sufficient for the Commonwealth to show that [an appellant] knew or should have known that his conduct is likely to cause affront or alarm." *Commonwealth v. Tiffany*, 926 A.2d 503, 511 (Pa. Super. 2007), *citing Commonwealth v. King*, 434 A.2d 1294, 1299 (Pa. Super. 1981).

Viewing the evidence in the light most favorable to the Commonwealth, K.S. saw Appellant's penis while they were sitting apart from each other on a public subway car and Appellant was manually masturbating and intermittently covering his penis with a blanket while looking at K.S. and other passengers in the subway car. The circumstances in the instant case were sufficient to establish that Appellant knowingly, if not also intentionally, exposed his penis in a public place where others were present and that he knew or should have known that his conduct was likely to offend, affront, or alarm. His eye contact with K.S. and his apparent grin during the incident supported the reasonable inference that he was deriving pleasure not only from his autoeroticism but the potential shock of the passengers in his presence. Where Appellant exposed his genitalia to a random person on a subway car, here K.S., it can be inferred from the surrounding circumstances that he knew that his conduct was likely to cause affront or alarm. At the

same time, the Commonwealth was not required to prove that "affront or alarm" was actually caused. ***Tiffany***, 926 A.2d at 511. Appellant's masturbation in a public transportation conveyance in this case is both inappropriate and criminalized by the indecent exposure statute. ***See, e.g., Commonwealth v. Andrulewicz***, 911 A.2d 162, 167 (Pa. Super. 2006) (holding evidence sufficient for indecent exposure where Andrulewicz exposed himself and engaged in manual masturbation in front of sixteen- and ten-year-old girls).

Appellant's arguments concerning the sufficiency of the evidence supporting the indecent exposure conviction are irrelevant to our evaluation of the evidence under the controlling standard of review. That K.S. did not recall exactly when during her subway ride that she first noticed that Appellant was exposed is a point to be raised in a challenge to the weight of K.S.'s testimony, rather than its sufficiency to prove indecent exposure, because that point only addresses the credibility of K.S.'s testimony. ***See Commonwealth v. Galloway***, 434 A.2d 1220, 1222 (Pa. 1981) ("Variances in testimony … go to the credibility of the witnesses and not the sufficiency of the evidence."); **Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa. Super. 2014) (a sufficiency-of-the-evidence review does not include an assessment of the credibility of the testimony offered by the Commonwealth). The lack of testimony from additional passengers or other forensic evidence is also immaterial to our review as the uncorroborated testimony of K.S. was alone sufficient to support the indecent exposure charge once the trial court credited

her testimony. *See Commonwealth v. Bishop*, 742 A.2d 178, 189 (Pa. Super. 1999) ("[I]t is well-established that even the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses."). Lastly, Appellant's efforts to intermittently cover his penis with a blanket did not offset the exposure that in fact occurred and supported his conviction.

In his second issue, Appellant challenges the sufficiency of the evidence supporting his open lewdness conviction. As in his former claim, he maintains that the Commonwealth failed to prove that he "knew his genitals were exposed to public view" and he makes an additional argument that the Commonwealth did not prove that he was committing a lewd act. Appellant's Brief at 16-20.

"A person commits a misdemeanor of the third degree if he does any lewd act which he knows is likely to be observed by others who would be affronted or alarmed." 18 Pa.C.S. § 5901. "Lewd" acts involve "sexuality or nudity in public." *Commonwealth v. Fenton*, 750 A.2d 863, 866 (Pa. Super. 2000). Section 5901 pertains to conduct that: "1) involves public nudity or public sexuality, and 2) represents such a gross departure from accepted community standards as to rise to the level of criminal liability." *Tiffany*, 926 A.2d at 511, *quoting Commonwealth v. Williams*, 574 A.2d 1161, 1163 (Pa. Super. 1990).

Appellant begins his sufficiency review, as in his former claim, by maintaining that the Commonwealth failed to prove that he "even knew that

his genitals were exposed." Appellant's Brief at 17. This assertion fails to review the evidence in the light most favorable to the Commonwealth and is adequately rejected by our review of his first issue. It is also a non sequitur as to the open lewdness conviction as the elements of the offense under Section 5901 did not necessarily require an exposure of genitals. Rather, it was the act of masturbation itself that was alleged to be a lewd act.

Appellant alleges that "it has not been proven that [he] knew that his actions were likely to be observed." Appellant's Brief at 18. This point is rather strange in the context of a sufficiency challenge because the testimony of K.S. proved not only that his act of masturbation was likely to be observed, but it was, in fact, observed by K.S., and possibly by other passengers. Moreover, Appellant's eye contact with K.S. and the grin on his face at the time supported the notion that Appellant knew that K.S. was aware of the masturbation as it was happening. In any event, contrary to Appellant's argument, it strains credulity for Appellant to maintain that it was unlikely for his actions to be observed by others where he was masturbating in a public subway car inhabited by other passengers, including K.S.

Appellant also maintains that K.S.'s description of him as "masturbating" and "jerking off" were too vague as to "leave it unclear what exactly was observed." Appellant's Brief at 18. This point again fails to review the record in the light most favorable to the Commonwealth as is required under the controlling standard of review. The terms used clearly conveyed the autoerotic function alleged as the basis for his open lewdness crime. The trial

court as factfinder was not presented in this scenario with testimony that would have led to an equal inference of a form of appropriate touching in these circumstances.

In any event, the act of masturbation proved by K.S.'s testimony constituted a lewd act which sustained Appellant's open lewdness conviction. Public masturbation has long been considered a lewd act under our law. In **Commonwealth v. Gonzales**, 378 A.2d 335, 335 (Pa. Super. 1977), for example, we held that evidence was sufficient for a public indecency conviction, a precursor to the crime addressed by our present open lewdness statute, where a defendant was observed masturbating in the front seat of a double-parked car. **See also Commonwealth v. Gonzales**, 396 A.2d 428 (Pa. Super. 1978) ("the act of masturbating in an automobile, on a busy street in a city during daylight hours was an open and notorious act and [ ] therefore sufficient evidence was adduced at trial for a jury to convict the defendant of public indecency"). In our 1990 opinion in **Commonwealth v. Williams**, 574 A.2d 1161, 1169 (Pa. Super. 1990), we also remarked in passing that "[a]ll of the reported Pennsylvania cases on open lewdness involved public masturbation or public displays of genitalia." **Id.** at 1163.

Appellant's act of masturbating in a public subway car constituted a lewd act for purposes of Section 5901 because the act involved both sexuality **and** nudity in public and obviously the action represented "such a gross departure from accepted community standards as to rise to the level of criminal liability." **See Commonwealth v. Falcone**, 198 A.2d 421, 423 (Pa. Super. 1964)

(holding evidence sufficient for open lewdness where Falcone was masturbating, referred to as the defendant "exposing and playing with his genitals," in a public cemetery; "[t]he act having taken place in a cemetery where it could and was observed by people on the public sidewalk adjacent to the cemetery[,] it could not be seriously contended that such misconduct would not constitute open lewdness.").

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the evidence was amply sufficient to sustain Appellant's convictions for indecent exposure and open lewdness. In no uncertain terms, a public transportation vehicle is not a place for masturbation.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/26/2024

- 11 -